IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL S. GREENBERG,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-00762 |
| | ) | |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| **HEATHER C. ROSS,** *Senior Assistant Attorney General*, **et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Daniel S. Greenberg, a resident of Florida, filed a pro se Complaint, alleging violations of his civil rights. (Doc. No. 1). Plaintiff further filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), as well as a Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") (Doc. No. 3).

In June of 2017, Plaintiff was appointed a guardian ad litem in a case out of California. (Doc. No. 3 at PageID# 36). According to Plaintiff, the appointment was made "without any finding of incompetency, without prior notice, and without opportunity to be heard, in direct violation of California law and the U.S. Constitution." (*Id*.). Plaintiff challenged said appointment in Williamson County to no avail. (*Id*.). Plaintiff later filed a civil action[1] against various judicial officers in state court who he says, "systematically den[ied] [Plaintiff] due process rights to challenge the underlying constitutional violations and jurisdictional defects" regarding the appointment of the guardian ad litem. (*Id*.). Plaintiff asserts that "Senior Assistant Attorney

---

[1] Plaintiff states he "is involved in Tennessee state court litigation in cases 23-0224-I and 23-1069-III in Davidson County, and…in the Tennessee Court of Appeals (Docket Nos. M2024-00106-COA-R3-CV and M2025-00186-COA-R3-CV)." (Doc. No. 1 at PageID# 2).

General Joseph Ahillen undertook representation of judicial defendants … while simultaneously holding prosecutorial authority over judicial officers under Tennessee Code § 8-6-112." (*Id*.).

As best the Court can discern, the crux of this case involves what Plaintiff believes to be the unlawful and unconstitutional allowance by the judiciary for lawyers from the Tennessee Attorney General's Office to defend judges in civil cases, while the Tennessee Attorney General's Office is simultaneously charged with prosecuting judges criminally. (*See* Doc. No. 1). Plaintiff alleges that multiple state actors, some of those being judges and the former Attorney General, violated Plaintiff's constitutional rights by allowing, "the Tennessee Attorney General's [O]ffice [to] hold[] exclusive authority for criminal prosecution of judicial officers…," thereby creating conflicts of interest. (*Id*. at PageID# 3). Plaintiff expounds on this by stating various judges, Defendants in this case, contributed to the constitutional violations by overseeing and actively participating in the decision-making processes that enabled the creation of these conflicts of interest. *(Id.)*.

## I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and

"[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id*.

Plaintiff reports a single income of $400.00 per month from real property, and states that he has a dependent son. (Doc. No. 2 at PageID# 28-30). Additionally, Plaintiff's expenses far surpass his income. (*Id*. at PageID# 31-32). Because Plaintiff's IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiff's Motion contains multiple federal allegations, specifically violations of due process and equal protection rights, as well as violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986. (Doc. No. 3 at PageID# 38-40). Similar to the Complaint, the crux of the allegations in Plaintiff's Motion involves the allowance by the judiciary for lawyers from the Tennessee Attorney General's Office to defend judges in civil cases, while the Tennessee Attorney General's Office is simultaneously charged with prosecuting judges criminally. (Doc. No. 3). In the Motion, Plaintiff requests that this Court grant his Motion, schedule an expedited emergency hearing, and grant a preliminary injunction following said hearing, among other procedural requests that would apply if this case were to move forward. (*Id*. at PageID# 47-48).

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn.

3

L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Plaintiff's Motion is procedurally deficient in that it is not accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). However, even if Plaintiff did satisfy that requirement, the Court could not grant the relief Plaintiff seeks for the reasons explained below.

### III. COMPLAINT

Because Plaintiff is proceeding as a pauper, the Court must conduct an initial review, first determining whether its exercise of subject-matter jurisdiction is proper in this case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Before considering the relief Plaintiff seeks, and because Plaintiff asks this Court to interfere with a pending state proceeding, something federal courts are often required to abstain from doing, this Court must first determine whether the principles of abstention apply and require this Court to abstain. *Violet McDaniel, et al. v. Maury Reg'l Hosp., et al.*, No. 1:20-CV-00047, 2020 WL 5593900, at *1 (M.D. Tenn. Sep. 17, 2020).

Under *Evelle J. Younger v. John Harris, Jr., et al.*, 401 U.S. 37 (1971), a court must abstain from interfering with state judicial process when there is:

> (1) an ongoing state criminal prosecution, (2) certain civil enforcement proceedings that are akin to criminal prosecutions, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions … After fitting into one of those categories, the court considers whether: (1) state proceedings are currently pending; (2) the proceedings involve

4

an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims.

*Alexander v. Morgan*, 353 F. Supp. 3d 622, 627 (W.D. Ky. Nov. 5, 2018) (citing *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017)).

The state court civil proceedings referred to by Plaintiff certainly involve orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Alexander*, 353 F. Supp. 3d at 622. According to the Complaint, Plaintiff's allegations pertain to orders and decisions made by judicial officers that Plaintiff argues played a role in denying him of his due process rights. (Doc. No. 1 at PageID# 2; Doc. No. 3 at PageID# 36).

Having determined that this case falls into a category in which the *Younger* abstention rule may apply, the Court must next consider a three-factor test to further determine whether abstention is proper. *McDaniel*, 2020 WL 5593900, at *1 (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). "Under that test, abstention is appropriate if: '(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims…'" *McDaniel*, 2020 WL 5593900, at *2 (quoting *Aaron v. O'Connor*, 914 F.3d 1010, 1018 (6th Cir. 2019)).

First, the state proceedings are currently pending as Plaintiff states he "is involved in Tennessee state court litigation in cases 23-0224-I and 23-1069-III in Davidson County, and…in the Tennessee Court of Appeals (Docket Nos. M2024-00106-COA-R3-CV and M2025-00186-COA-R3-CV)."[2] (Doc. No. 1 at PageID# 2); *see Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir.

---

[2] The Court takes judicial notice of the record of proceedings within which Plaintiff is involved in the aforementioned Tennessee state court cases in Davidson County, cause numbers 23-0224-I and 23-1069-III, as well as those in front of the Tennessee Court of Appeals, cause numbers M2024-00106-COA-R3-CV and M2025-00186-COA-R3-CV. *See* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)

5

2003) (for *Younger* purposes, state-court proceedings remain "pending until a litigant has exhausted his state appellate remedies"). Second, Plaintiff's allegations implicate important state interests because the State of Tennessee has a substantial interest in its judicial processes and the functioning of Tennessee's Attorney General's Office. Finally, the state proceedings will undoubtedly provide Plaintiff with an adequate opportunity to be heard on his constitutional claims.

Because the pending state court actions initiated by Plaintiff meet all the *Younger* abstention requirements, the Court must abstain from considering Plaintiff's Complaint.

### IV. CONCLUSION

Accordingly, Plaintiff's IFP Application is **GRANTED**.

Plaintiff's Complaint is **DISMISSED** with prejudice. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 3) is **DENIED** as moot.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

("[F]ederal courts may take judicial notice of proceedings in other courts of record." (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969))).

6

Case 3:25-cv-00762   Document 6   Filed 07/14/25   Page 6 of 6 PageID #: 67