# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DANIEL S. GREENBERG, | ) |
|     Plaintiff, | ) |
| | ) Case No. 3:25-cv-00762 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| HEATHER C. ROSS, *Senior Assistant Attorney General*, **et al.**, | ) MAGISTRATE JUDGE HOLMES |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Daniel S. Greenberg, a resident of Florida, filed a pro se Complaint, alleging violations of his civil rights. (Doc. No. 1).

On July 14, 2025, the Court entered a Memorandum and Order granting Plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), dismissing the Complaint (Doc. No. 1), and denying as moot Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 3). (Doc. No. 6). The Court took judicial notice of the record of proceedings within which Plaintiff is involved in the Tennessee state court cases in Davidson County, cause numbers 23-0224-I and 23-1069-III, as well as those in front of the Tennessee Court of Appeals, cause numbers M2024-00106-COA-R3-CV and M2025-00186-COA-R3-CV.[1]

---

[1] Based upon the Court's own research, the Tennessee state-court proceedings, 23-0224-I and 23-1069-III, are identified as real estate cases which are unrelated to the instant case. Plaintiff states he is a party to two Tennessee Court of Appeals proceedings, M2024-00106-COA-R3-CV and M2025-00186-COA-R3-CV. Tennessee Court of Appeals case number M2024-00106-COA-R3-CV is related and ongoing. https://pch.tncourts.gov/CaseDetails.aspx?id=88560&Number=True (last visited February 19, 2026). Tennessee Court of Appeals case number M2025-00186-COA-R3-CV closed in March of 2025. https://pch.tncourts.gov/CaseDetails.aspx?id=91104&Number=True (last visited February 19, 2026).

In its Memorandum and Order (Doc. No. 6), the Court determined that the abstention rule from *Younger v. Harris*, 401 U.S. 37 (1971) applies to this case because the related state court civil proceedings involve orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Alexander v. Morgan*, 353 F. Supp. 3d 622, 627 (W.D. Ky. Nov. 5, 2018); (Doc. No. 6 at PageID# 66). The Court further determined that the state proceedings were currently pending, the proceedings involve an important state interest, and the state proceedings will provide Plaintiff with an adequate opportunity to raise his constitutional claims. (Doc. No. 6 at PageID# 66).

Pending before the Court is Plaintiff's Petition for Reconsideration/Rehearing Pursuant to Fed. R. Civ. P. 59(e) and 60(b) ("Petition for Reconsideration") (Doc. No. 7). In short, Plaintiff requests that this Court grant the Petition for Reconsideration and vacate the Court's July 14, 2025 Memorandum and Order. (*Id*. at PageID# 72-73).

## I. PETITION FOR RECONSIDERATION (DOC. NO. 7)

Plaintiff filed his Petition for Reconsideration (Doc. No. 7) on July 28, 2025, fourteen days after the Court entered its Memorandum and Order (Doc. No. 6). He requests relief under Federal Rules of Civil Procedure 59(e) and 60(b).

In Plaintiff's Petition for Reconsideration, he argues that:

> The Court erroneously applied Younger abstention to systematic state actor conspiracy spanning multiple jurisdictions, which falls outside of Younger's scope and requires federal intervention[,] [t]he Court failed to consider mandatory federal jurisdiction for civil rights cases involving coordinated state actor conspiracy to deny federal constitutional rights[,] [and] [t]he Court failed to recognize that Tennessee's assertion of absolute immunity from constitutional review violates federal supremacy and cannot support Younger abstention.

(Doc. No. 7 at PageID# 68). Because Plaintiff is entitled to relief under Rule 59, the Court need not analyze Plaintiff's request for relief under Rule 60.

2

**A. Federal Rule of Civil Procedure 59(e)**

Plaintiff alleges the Court's Memorandum and Opinion (Doc. No. 6) contains "material legal errors that mandate reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)." (*Id*.) (emphasis omitted). This is not the standard under Rule 59(e). Rather, relief under Rule 59(e) can only be given if the Plaintiff shows a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Fed. R. Civ. P. 59(e); *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). A request made pursuant to Rule 59(e) allows the district court to correct any errors it made, while "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)).

A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, under Rule 59, Plaintiff's motion was timely filed.

**B. Analysis**

For the reasons set forth below, the Court will grant Plaintiff's Petition for Reconsideration (Doc. No. 7) under Rule 59 insofar as the Court will vacate the prior Memorandum and Order (Doc. No. 6) dismissing the case with prejudice and will, instead, stay this case until Plaintiff's state court proceedings have concluded.

1. Plaintiff's First Argument

In Plaintiff's first of three "GROUNDS FOR RECONSIDERATION/REHEARING," Plaintiff argues that "[t]he Court erroneously applied Younger abstention to systematic state actor conspiracy spanning multiple jurisdictions, which falls outside Younger's scope and requires federal intervention." (Doc. No. 7 at PageID# 68). In summation, Plaintiff argues that *Younger*

3

abstention cannot apply because the state proceedings cannot provide adequate relief. (*See* Doc. No. 7). Plaintiff cites to various cases to support his position: (1) *Dombrowski v. Pfister*, 380 U.S. 479 (1965); (2) *McNeese v. Board of Education*, 373 U.S. 668 (1963); and (3) *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975).

First, Plaintiff cites to *Dombrowski* in asserting that "federal courts cannot abstain when state proceedings are used to harass federal constitutional rights." (Doc. No. 7 at PageID# 69). However, not only are the facts in *Dombrowski* irrelevant to this case, but the holding is also irrelevant. *Dombrowski* parsed through issues of statutory interpretation as it pertains to bad faith arrests and prosecutions that brought the case within the very narrow exceptions to *Younger* abstention. That is not what is at issue here. Plaintiff fails to create any persuasive or authoritative connection between *Dombrowski* and the instant case.

Plaintiff next relies on *McNeese*, arguing, "When constitutional violations span multiple states (California and Tennessee), Younger abstention is inappropriate because state courts cannot address interstate coordination." (Doc. No. 7 at PageID# 69). *McNeese*, however, speaks nothing of what Plaintiff suggests. Instead, and further supporting the Court's Memorandum and Order (Doc. No. 6), *McNeese* discusses the applicability of a court's abstention when the asserted federal right is entangled with the state proceedings, which is exactly what *Younger* is designed to address and protect. *McNeese*, 373 U.S. at 674.

Lastly, Plaintiff references *Huffman* in an attempt to support his arguments, stating that "[t]he coordinated conflicts of interest—including prosecutors defending officials they should investigate and judges presiding over cases where they are defendants—demonstrate the bad faith that precludes Younger abstention under [*Huffman*]." (Doc. No. 7 at PageID# 69). *Huffman* supports the Court's Memorandum and Order (Doc. No. 6). "Younger . . . do[es] of course allow

intervention in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith," but Plaintiff has not shown as much here. *Huffman*, 420 U.S. at 611. In fact, Plaintiff's arguments in his Complaint, as well as his arguments in his Petition for Reconsideration (Doc. No. 7), lack the clarity required to grant Plaintiff the relief he seeks – that the Court vacate its decision to abstain pursuant to *Younger*. Furthermore, the bad faith exception "is extremely narrow," and Plaintiff fails to show the Court that bad faith has occurred or is occurring in his state court proceedings as he relies only upon inexplicit statements within his Complaint. *Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018).

Plaintiff further argues that there is no adequate state forum in which to bring his constitutional claims because the state court has refused to hear them. Plaintiff misunderstands the third *Younger* factor. "The federal plaintiff has the burden to show that 'that state procedural law barred presentation of [its] claims.'" *Armco, Inc. v. United Steelworkers of America*, 280 F.3d 669, 682 (6th Cir. 2002) (quoting *Federal Express Corp. v. Tennessee Public Serv. Comm'n*, 925 F.2d 962, 970 (6th Cir. 1991)) (clarifying that a plaintiff must offer support for their argument as to the third prong of the *Younger* test). Plaintiff has not offered support showing that his constitutional claims have been barred within the state court proceedings.

As discussed above, Plaintiff has at least one case pending on the state level, an appellate court case, that can provide Plaintiff an adequate opportunity to have his constitutional claims heard. According to the United States Supreme Court in *Huffman*:

> It is typically a judicial system's appellate courts which are by their nature a litigant's most appropriate forum for the resolution of constitutional contentions . . . . [W]e do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts . . . [T]he considerations of comity and federalism which underlie Younger permit no

truncation of the exhaustion requirement merely because the losing party in the state court of general jurisdiction believes that his chances of success on appeal are not auspicious.

420 U.S. 609-10. The Supreme Court in *Huffman* further explained:

> [W]e conclude that [the civil litigant] should not be permitted the luxury of federal litigation of issues presented by ongoing state proceedings, a luxury which . . . is quite costly in terms of the interests which Younger seeks to protect . . . We do not understand why the federal forum must be available prior to completion of the state proceedings in which the federal issue arises, and the considerations canvassed in Younger militate against such a result.

420 U.S. at 605-06. As the Court previously found in its Memorandum and Order (Doc. No. 6), the state court can provide an adequate forum at this time for Plaintiff's claims to be heard.

### 2. Plaintiff's Second Argument

Plaintiff argues that "28 U.S.C. § 1443 . . . provides mandatory federal jurisdiction for certain civil rights cases and supersedes Younger abstention." (Doc. No. 7 at PageID# 70) (emphasis omitted). Plaintiff misstates 28 U.S.C. § 1443. The statute, instead, says a qualifying case "may" be removed by the defendant, indicating that federal jurisdiction is not mandatory. Furthermore, this case is not before this Court on removal. Therefore, Plaintiff's arguments as to 28 U.S.C. § 1443 fail.

### 3. Plaintiff's Third Argument

Lastly, Plaintiff argues that "[t]he Court failed to recognize that Tennessee's assertion of absolute immunity from constitutional review violates federal supremacy and cannot support Younger abstention." (Doc. No. 7 at PageID# 68). The Court need not parse this argument because the Court's conclusion remains, as stated above, that *Younger* abstention is proper.

### 4. Need to Vacate Prior Dismissal

As discussed above, as to the Court's finding that *Younger* abstention is proper, Plaintiff has not shown a clear error of law, newly discovered evidence, an intervening change in controlling

law, or a need to prevent manifest injustice. However, upon review of the Court's prior disposition of this case, the Court finds that manifest justice requires the Court to vacate the dismissal of the case on other grounds.

Plaintiff has at least one related state court proceeding pending at this time in the Tennessee Court of Appeals, case number M2024-00106-COA-R3-CV. In the case at hand, Plaintiff requests damages. (Doc. No. 1 at PageID# 7).

Federal courts generally favor staying the federal proceedings over dismissing them in cases involving Section 1983 claims for damages in which the federal court determines that the doctrine of *Younger* abstention applies. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998) (directing that "in the interests of caution," the case (involving a claim for damages under Section 1983 that was subject to *Younger* abstention) be remanded with instructions to the district court to stay the federal proceedings to protect plaintiff from possible statute-of-limitations issues she may face if her claims instead were dismissed); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (staying rather than dismissing the plaintiff's claims for damages under Section 1983, which were subject to *Younger* abstention on the grounds that a stay "preserves the state's interests in its own procedures, the federal plaintiff's opportunity to seek compensation in the forum of his choice, and an appropriate balance of federal-state jurisdiction.").

Thus, the Court finds that the more appropriate course of action is to stay this action rather than to dismiss it.

## II. CONCLUSION

Accordingly, Plaintiff's Petition for Reconsideration is **GRANTED** under Rule 59(e) insofar as the Court **VACATES** the prior Memorandum and Order (Doc. No. 6) dismissing the case with prejudice and **STAYS** this case until Plaintiff's state court proceedings have concluded.

7

Case 3:25-cv-00762   Document 8   Filed 02/25/26   Page 7 of 8 PageID #: 145

Plaintiff shall notify the Court in writing within **14 DAYS** after the resolution of the related state court proceedings.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE